IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

_____

| | |
|---|---|
| JUSTIN O. FULTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) No. 17-2338-STA-egb |
| | ) |
| SHELBY COUNTY DETENTION | ) |
| FACILITY, ET AL., | ) |
| | ) |
| Defendants. | ) |

_____

ORDER DIRECTING PLAINTIFF TO COMPLY WITH 28 U.S.C. § 1915(a)(2)
OR PAY THE $400 CIVIL FILING FEE
_____

On May 12, 2017, Plaintiff Justin O. Fulton, booking number 16120349, who is incarcerated at the Shelby County Criminal Justice Complex (Jail), Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.)

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d. 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the

remainder in installments. § 1915(b)(2). However, in order to take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit containing a current certification by the prison trust account officer and a copy of his trust account statement for the last six months immediately preceding the filing of the complaint. § 1915(a)(2).

In this case, the affidavit submitted by Plaintiff is not accompanied by a current certified copy of his trust account statement. Accordingly, Plaintiff is ORDERED to submit, within thirty (30) days of the entry of this order, either the entire $400 civil filing fee[1] or a current copy of his trust account statement for the last six months.[2] If Plaintiff needs additional time to file the required document, he may request one 30-day extension of time from this Court. *McGore*, 114 F.3d at 605.

If Plaintiff timely submits the necessary document and the Court finds that he is indeed indigent, the Court will grant leave to proceed *in forma pauperis* and assess a filing fee of only $350 in accordance with the installment procedures of 28 U.S.C. § 1915(b). However, if the Plaintiff fails to comply with this order in a timely manner, the Court will

---

[1] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. In addition, § 1914(b) requires the clerk to "collect from the parties such additional fees . . . as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Therefore, if Plaintiff is ultimately granted leave to proceed *in forma pauperis* in accordance with the PLRA, he will not be responsible for the additional $50 fee.

[2] Plaintiff does not need to submit another *in forma pauperis* affidavit.

deny leave to proceed *in forma pauperis,* assess the entire $400 filing fee without regard to the installment payment procedures, and dismiss the action without further notice pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute. *McGore,* 114 F.3d at 605.[3]

IT IS SO ORDERED this 17th day of May, 2017.

                                         **s/ S. Thomas Anderson**
                                         S. THOMAS ANDERSON
                                         CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Even a voluntary dismissal by Plaintiff will not eliminate the obligation to pay the filing fee. *McGore*, 114 F.3d at 607; *see also In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002).