# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |  |
|---|---|---|
| JUSTIN O. FULTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 2:17-cv-2338-JDT-cgc |
| | ) | |
| SHELBY COUNTY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER PARTIALLY DISMISSING COMPLAINT AND DIRECTING THAT PROCESS BE ISSUED AND SERVED ON THE REMAINING DEFENDANT

On May 12, 2017, Plaintiff Justin O. Fulton, who is incarcerated at the Shelby County Correctional Center in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The complaint concerns events that occurred while Fulton was a pretrial detainee at the Shelby County Criminal Justice Center. (ECF No. 1 at PageID 2.) The Court issued an order on June 16, 2016, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 6.) The Clerk shall record the Defendants as the Shelby County Criminal Justice Center (Jail);[1] Officer First Name Unknown (FNU) Bohanna, Officer FNU McGhee, and Nurse FNU Lucas.

---

[1] Fulton names the Shelby County Detention Facility as a Defendant. This appears to be his designation for the Jail because the address he provides is that of the Sheriff's Office and Jail, at 201 Poplar Avenue in Memphis. *See* https://www.shelby-sheriff.org.

Fulton alleges that on January 11, 2017, while medication was being distributed to inmates at the Jail, Officer Bohanna assaulted him as he reached through the opening in his pod to receive his pills. (ECF No. 1 at PageID 2.) Fulton alleges that Officer McGhee then approached him, called him derogatory names, and sprayed a substance Fulton refers to as "Freeze" into Fulton's eyes. (*Id.* at PageID 2-3.) Fulton states that he was not immediately taken for medical attention despite his complaints that he could not see. (*Id.* at PageID 3.) Eventually a different officer took Fulton for medical attention and an unspecified prison official photographed Fulton's face and eyes. (*Id.*) According to Fulton, Officer Bohanna told a sergeant that Fulton was reaching for the nurse who was handing out the medication, yet Fulton alleges he did not receive a disciplinary write-up regarding the incident. (*Id.*) Fulton alleges that he grieved the incident but was told he filed it too late. (*Id.* at PageID 2.)

Fulton asserts that the Defendants violated his rights under the Eighth Amendment. (*Id.* at PageID 3.) He seeks $10 million in damages, requests that Officers Bohanna and McGhee be "relieved of duty," and wants an investigation against the officers. (*Id.* at PageID 4.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-

pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Fulton filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Fulton does not allege any action whatsoever by Nurse Lucas. When a complaint fails to allege any action by a Defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Any purported claims against Nurse Lucas are therefore DISMISSED under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Fulton's claim against the Jail is construed as a claim against Shelby County. However, Fulton has no valid claim against Shelby County. A local government such as a municipality or county "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (emphasis in original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Co., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Co. v. Dodson*, 454 U.S. at 326 (citation omitted)). Fulton does not allege that he suffered an injury because of an unconstitutional policy or custom of Shelby County. He alleges only that he was injured by the officers' actions.

Fulton's allegations that Officers Bohanna and McGhee assaulted him and sprayed Freeze into his eyes is construed as a claim of excessive force. At the time of the alleged assault, Fulton

4

was a pre-trial detainee whose protection against excessive force is derived from the Fourteenth Amendment. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Excessive force claims brought by pretrial detainees are analyzed under the Fourteenth Amendment's standard of objective reasonableness, which "turns on the 'facts and circumstances of each particular case.'" *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). The Court must judge the reasonableness of a particular use of force "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.*

Under an objective reasonableness inquiry, "the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397 (citations omitted). The proper application of this standard requires consideration of the following factors:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley*, 135 S. Ct. at 2473. This list is not exhaustive but illustrates some of the "objective circumstances potentially relevant to a determination of excessive force." *Id.*

Fulton has not stated a claim against Officer Bohanna. Fulton alleges that Officer Bohanna assaulted him as Fulton reached for his pills. Fulton does not describe the assault or allege that he suffered any injury because of Officer Bohanna's actions. The Court cannot determine whether Officer Bohanna's use of force was excessive without knowing what that use of force was. In any event, Fulton's failure to allege that he suffered any physical injury requires dismissal of his claim against Officer Bohanna pursuant to 42 U.S.C. § 1997e(e), which provides that "[n]o Federal civil action may be brought by a prisoner . . . while in custody without a prior showing of physical injury or the commission of a sexual act."

Fulton's allegations that Officer McGhee sprayed him with Freeze, however, suffice to state a claim. Fulton alleges that, while he was in his pod at the Jail and after Officer Bohanna had in some way hit Fulton or his outstretched arm, McGhee approached him, said derogatory things to him, and sprayed him with Freeze through the open pod flap. Fulton further alleges that he could not see after the spraying and still has issues with his eyesight in his left eye. Fulton states that the officers believed Fulton was reaching for the nurse who was distributing the pills, which suggests they believed their actions were justified. However, given that Fulton remained in his pod and had already been hit by Officer Bohanna, Officer McGhee's additional act of spraying Freeze in Fulton's eyes states a plausible claim for excessive force under the Fourteenth Amendment.

In conclusion, the Court DISMISSES Fulton's claims against the Shelby County Criminal Justice Center, Officer Bohanna and Nurse Lucas for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

It is ORDERED that the Clerk shall issue process for Defendant McGhee and deliver that process to the U.S. Marshal for service. Service shall be made on Defendant McGhee pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10) by registered or certified mail or personally if mail service is not effective. All costs of service shall by advanced by the United States.

It is further ORDERED that Fulton shall serve a copy of every subsequent document he files in this case on the attorneys for Defendant McGhee or on Defendant McGhee if she is unrepresented. Fulton shall make a certificate of service on every document he files. Fulton shall familiarize himself with the Federal Rules of Civil Procedure and this Court's Local Rules.[2]

---

[2] A copy of the Local Rules may be obtained from the Clerk or on the Court's website at

Fulton is reminded that he must promptly notify the Clerk of any change of address or extended absence.  Failure to comply with these requirements or any other order of the Court may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

              s/ **James D. Todd**
             JAMES D. TODD
             UNITED STATES DISTRICT JUDGE

---

https://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.